CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JAN 28 PM 4: 22

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

DeKENDRICK DONTE MATLOCK, )
TDCJ No. 1310484, )
      Plaintiff, )
)
v. ) Civil No. 7:12-CV-148-O-BL
)
STATE OF TEXAS, *et al.*, )
      Defendants. )

## REPORT AND RECOMMENDATION

This is a Motion for Emergency Relief filed by an inmate confined in the Coffield Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas. No process has been issued in this case.

Plaintiff claims that he is being tortured through mind control by three individuals residing within the Northern District of Texas and one individual residing in a NASA space station. He alleges that the individuals are "teleporting," that they have been using a "kill and heal method to torture [him]," and that they told him they would "clean up the murder." Plaintiff claims that the mind control torture is facilitated through the use of a super computer called "Gwing" that is located on the 5th floor of the Coffield Unit. He further alleges that the individuals plan to use illegal radiology to bust poison located in the "Pulse Packs" of his brain. He asks the Court to initiate an F.B.I. investigation.

Title 28 U.S.C. § 1915A(b)(1) authorizes a federal court to dismiss a lawsuit filed by an inmate seeking redress from government entities or employees prior to service if the court determines that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Under this standard, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those which clearly lack any basis in fact. *See*

*Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. at 32. Plaintiff's allegations fall within this doctrine.

For the foregoing reasons, it is recommended that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 28th day of January, 2013.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

---

[1] The District Clerk has notified this Court that Plaintiff failed to either pay the filing fee or seek leave to proceed *in forma pauperis*. Because this case is frivolous, it is recommended that the Court not waste scarce judicial resources seeking a filing fee or a motion for leave to proceed *in forma pauperis*.